JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rawatee Verling,
Rohit Kumar

**(b)** County of Residence of First Listed Plaintiff: Queens, New York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gehi & Associates, 74-09 37th Ave, Suite 205, Jackson Heights, NY 11372, (718) 263-5999

## DEFENDANTS
Ur M. Jadou, et al.

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

Does this action include a motion for temporary restraining order or order to show cause? Yes [ ] No [ ]

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [x] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. § 555(b)

Brief description of cause:
Action to compel the unreasonably delayed adjudication of an immigration visa application.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/10/2023
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Naresh M. Gehi, counsel for Rawalee Verling and Rohit Kumar, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

There is no parent corporation or publicly held company that owns 10% or more of its stock.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 1(c)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☐ Yes ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☐ Yes ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☑ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain ☑ No

I certify the accuracy of all information provided above.

Signature: _____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

RAWATEE VERLING,
191 Irving Ave 3R
Brooklyn, NY 11237;

ROHIT KUMAR,
2-112 Blk Number-02
Trilokpuri, Delhi 110091;

         Plaintiffs,

 -against-              Case No. _____

UR M. JADOU, Director,
National Visa Center,
32 Rochester Ave, Portsmouth, NH 03801;

MIKE HANKEY, Consul General,
U.S. Consulate General, Mumbai,
C-49, G-Block, Bandra Kurla Complex
Bandra East, Mumbai 400051

ANTONY BLINKEN, Secretary of State
of the United States,
2201 C St NW, Washington, DC 20520;

MERRICK GARLAND, Attorney General
of the United States,
950 Pennsylvania Avenue NW,
Washington, DC 20530;

         Defendants.

-------------------------------------------------------------------X

## COMPLAINT FOR A WRIT OF MANDAMUS

### INTRODUCTION

1. This is an immigration case. Plaintiffs Rawatee Verling ("Ms. Verling") and Rohit Kumar ("Mr. Kumar") (together, "Plaintiffs") bring this action seeking the Court to compel the Defendants to re-open the adjudication of Ms. Verling's immigrant visa application (Case #: BMB2020629072), which was improperly denied by the U.S. Embassy in Mumbai. The plaintiff seeks declaratory and injunctive relief.

2. Plaintiffs bring this action before this Court to seek judicial review under the Administrative Procedures Act ("APA") of the denial of Ms. Verling's immigrant visa application, and an order that her application be approved. Plaintiffs seek declaratory and injunctive relief.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1651 (the All Writs Act); and 28 U.S.C. § 1361 (jurisdiction over actions for mandamus). The Administrative Procedures Act, 5 U.S.C. § 701 et seq, applies to this lawsuit. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1361 and under 28 U.S.C. § 1331.

4. Plaintiffs seek to compel action by an officer of the United States to perform a duty owed to Plaintiff, and this court has jurisdiction pursuant to 28 U.S.C. § 1361, under 28 U.S.C. §1331, under the Administrative Procedures Act ("APA"), 5 U.S.C. § 555(b), and the Immigration and Nationality Act ("INA") codified in Title 8 of the U.S.C. and Title 22 of the Code of Federal Regulations. Insofar as Defendants have unlawfully withheld and

unreasonably delayed action and failed to act as specified below, this court also has jurisdiction under the APA at 5 U.S.C. § 706(1).

5. An actual controversy has arisen and now exists between Plaintiff and Defendants.

6. The venue is proper in this district pursuant to 28 U.S.C. § 1391(e), because Defendants are located in this district.

## PARTIES

7. Plaintiff Rawatee Verling resides in Queen County, New York, and is the wife of Mr. Kumar, the adjudication of whose immigrant visa application is unreasonably delayed. She is a United States citizen.

8. Plaintiff Rohit Kumar is a resident of India, where he applied for an immigrant visa as a spouse of a United States citizen, the adjudication of which has been unreasonably delayed.

9. Defendant Ur M. Jadou is the Director of the National Visa Center (NVC); he is being sued in his official capacity..

10. Defendant, Mike Hankey, Consul General, Mumbai, India, is a proper Defendant. Pursuant to 22 C.F.R. § 42.81 a consular office is obligated to act on a visa application.

11. Defendant, Antony Blinken, Secretary of State of the United States, is a proper Defendant as it is his duty to run the Department of State and make sure that all administrative agencies below him are acting effectively and in accordance with the law, which they have failed to do.

12. Defendant, Merrick Garland, Attorney General of the United States, is a proper Defendant as his position is one of legal oversight of the numerous government agencies listed above.

## APPLICABLE LAW

13. Judicial review of an agency decision is expressly created under the Administrative Procedures Act ("APA") where "'final agency action, for which there is no other adequate remedy in court, is subject to judicial review' at the behest of 'a person… adversely affected or aggrieved by agency action.'" *Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221, 229 n.4, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986) (quoting 5 U.S.C. §§ 702, 704). The Federal Question Statute, 28 U.S.C. § 1331, confers jurisdiction over the present type of suit, for which the cause of action arises under the APA. *Sharkey v. Quarantillo*, 541 F.3d 75, 84 (2d Cir. 2008).

14. If a consular officer's decision implicates the constitutional rights of someone residing in the United States, this court has jurisdiction to review that decision, in order to determine whether it was based on a facially legitimate reason. See *Baaghil v Miller*, 1 F.4th 427, 432 (6th Cir. 2021), *citing Matushkina v. Nielsen*, 877 F.3d 289, 294 (7th Cir. 2017).

## STATEMENT OF FACTS

15. Ms. Verling is a U.S. citizen residing in Kings County, New York. She is married to Mr. Kumar, a citizen of India.

16. On July 29, 2019, Ms. Verling filed a Form I-130, Petition for Alien Relative, ("I-130 Petition) on behalf of her spouse, Mr. Kumar.

17. After adjudicating the legal validity and good faith of the Plaintiffs' marriage, as well as all other eligibility considerations, U.S. Citizenship and Immigration Services ("USCIS") approved the I-130 Petition.

18. On the basis of the approved I-130 Petition, which was transferred to the National Visa Center, and from there, to the U.S. Consulate General in Mumbai, India, Mr. Kumar applied for an immigrant visa to the United States.

19. On March 12, 2021, the consular officer reviewing Mr. Kumar's application informed him that the officer required additional proof of his marriage to his spouse, Ms. Verling, and a decision could not be made on his immigrant visa application.

20. The same day, the consular officer issued a 221(g) worksheet, instructing Mr. Kumar to provide three forms of evidence of his marriage: evidence of ongoing communication between him and Ms. Verling; evidence of shared finances; and notarized statements from the Plaintiffs describing how they met and why they decided to get married.

21. On April 27, 2021, Mr. Kumar submitted the following documents in compliance with the consular officer's instructions.

22. Since that date, Mr. Kumar has made numerous inquiries as to the status of his immigrant visa application; he has also been separated from his wife, Ms. Verling, for the entirety of those several years.

23. A decision on Mr. Kumar's immigrant visa application has been unreasonably delayed and improperly withheld.

## EXHAUSTION

24. The Plaintiffs have exhausted any and all administrative remedies that may exist. There are no other adequate remedies available to them.

## CAUSE OF ACTION

25. Mr. Kumar has a right to have his immigrant visa application adjudicated. Courts have recognized that where a noncitizen has a right to apply for a benefit, there is an

accompanying, nondiscretionary duty to adjudicate that application. *See, e.g., M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 595 (W.D. Tex. 2019), *Villa v. DHS,* 607 F. Supp. 2d 359, 363 (N.D. N.Y. 2009).

26. The APA requires that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), and that "[t]he reviewing court shall…compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1).

27. The consular officer therefore has a non-discretionary duty to adjudicate the immigrant visa application of Mr. Kumar within a reasonable timeframe. *See Patel v. Reno*, 134 F.3d 929, 932-33 (9th Cir. 1997), *Assad v. Holder*, No. 2:13- 00117, 2013 U.S. Dist. LEXIS 156880,*6–10 (D.N.J. Nov.1, 2013).

28. This duty has been breached as a result of the more than two-year delay in adjudicating Mr. Kumar's immigrant visa application.

29. Based on the foregoing, the Plaintiffs have demonstrated a clear and indisputable right to the relief sought. *In Re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

## PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, Plaintiffs pray:

(a) That the Court assume jurisdiction herein;

(b) That the Court compel the Defendants and those acting under them to expeditiously re-adjudicate Mrs. Shardeen's immigrant visa application provision under the appropriate provision of law, and provide a facially legitimate adjudication;

c. That the Court award Plaintiffs' reasonable attorneys' and court fees; and

d. That the court grant such other and further relief as the Court deems appropriate and just.

Date:   Queens, New York
        August 10, 2023

                                                                                                Respectfully submitted,

                                                                                                /s/ Naresh M. Gehi

                                                                                                Naresh M. Gehi, Esq.,
                                                                                                Law Offices of Gehi & Associates
                                                                                                Attorney for Plaintiffs
                                                                                                74-09 37th Ave, Ste 205,
                                                                                                Jackson Heights, NY 11372
                                                                                                Ph.: 7182635999

# VERIFICATION

STATE OF NEW YORK          )
                           ) ss.
COUNTY OF KINGS            )

      RAWATEE VERLING being duly sworn, deposes and says that I am the plaintiff in this action, that I have read the foregoing complaint and know the contents thereof, and the same are true to my knowledge, information and belief.

*Rawatee Verling*
RAWATEE VERLING
Plaintiff

Subscribed and sworn to before me
On 08/10/2023, ~~2023~~

_____
Notary Public
My commission expires on

FOLASADE ADEKEMI AJASA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02AJ6412614
Qualified in Queens County
My Commission Expires: 01/04/2025

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| RAWATEE VERLING,<br>ROHIT KUMAR,<br><br>*Plaintiff(s)*<br>v.<br>UR M. JADOU, Director, National Visa Center, et al.,<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ANTONY BLINKEN, SECRETARY OF STATE
OF THE UNITED STATES;
U.S. Department of State
The Executive Office
Office of Legal Advisor, Suite 5.600
600 19th Street NW
Washington, DC 20522

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Naresh M. Gehi, Esq.
Gehi & Associates,
74-09 37th Ave, Suite 205,
Jackson Heights, NY 11372

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____
                   _____
                   *Server's signature*

                   _____
                   *Printed name and title*

                   _____
                   *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| RAWATEE VERLING,<br>ROHIT KUMAR,<br><br>*Plaintiff(s)*<br>v.<br>UR M. JADOU, Director, National Visa Center, et al.,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ANTONY BLINKEN, SECRETARY OF STATE
OF THE UNITED STATES;
U.S. Department of State
The Executive Office
Office of Legal Advisor, Suite 5.600
600 19th Street NW
Washington, DC 20522

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Naresh M. Gehi, Esq.
Gehi & Associates,
74-09 37th Ave, Suite 205,
Jackson Heights, NY 11372

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____                                  _____
                                                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| RAWATEE VERLING,<br>ROHIT KUMAR,<br><br>*Plaintiff(s)*<br>v.<br>UR M. JADOU, Director, National Visa Center, et al.,<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MIKE HANKEY, Consul General,
U.S. Consulate General, Mumbai,
C-49, G-Block, Bandra Kurla Complex
Bandra East, Mumbai 400051

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Naresh M. Gehi, Esq.
Gehi & Associates,
74-09 37th Ave, Suite 205,
Jackson Heights, NY 11372

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____      _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| RAWATEE VERLING,<br>ROHIT KUMAR,<br><br>*Plaintiff(s)*<br>v.<br>UR M. JADOU, Director, National Visa Center, et al.,<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MERRICK GARLAND, Attorney General
of the United States,
950 Pennsylvania Avenue NW,
Washington, DC 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Naresh M. Gehi, Esq.
Gehi & Associates,
74-09 37th Ave, Suite 205,
Jackson Heights, NY 11372

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                              _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc: